# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NORTH CAROLINA

# WESTERN DIVISION

Wendy A Toney

Plaintiff

v.

NetApp, Inc. and Magnit, LLC (a/k/a Magnit Global) and Tyler Cochrane

Defendants

Civil Action No.: 5:25-cv-00476-BO

## COMPLAINT

(Jury Trial Demanded)

# I. INTRODUCTION

1. This is a civil action for negligent misrepresentation, fraudulent misrepresentation, and unfair and deceptive trade practices under North Carolina law, arising out of the Defendants' conduct during the Plaintiff's engagement as a contractor on a NetApp project.
2. Plaintiff seeks compensatory, consequential, emotional distress, and punitive damages, as well as attorneys' fees and costs pursuant to North Carolina General Statutes § 75-1.1.

# II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to **28 U.S.C. § 1332(a)**, as the matter in controversy exceeds $75,000 and is between citizens of different states.
4. Venue is proper in this Court under **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions giving rise to this claim occurred in North Carolina, and the Plaintiff resides in this District.

# III. PARTIES

5. Plaintiff **Wendy Toney** is a resident of Wake County, North Carolina.
6. Defendant **Magnit Global**, formally known as **Magnit, LLC**, is a California limited liability company with its principal place of business in California. Magnit does business throughout the United States, including in North Carolina.
7. Defendant **NetApp, Inc.** is a Delaware corporation with its principal place of business in California and regularly conducts business in North Carolina.

# V. CLAIMS FOR RELIEF

### COUNT I: NEGLIGENT MISREPRESENTATION

8. This is a civil action arising under the laws of the United States and the State of North Carolina for damages caused by Defendants' negligent and fraudulent misrepresentations, and for the willful misuse of Plaintiff's personal identifying information in connection with an employment scheme involving misrepresentation of wages, unauthorized identity use, and potential financial and reputational harm.

9. Plaintiff was engaged as a contract professional through Defendant Magnit Global, a workforce solutions provider, to provide services for Defendant NetApp, Inc., a multinational cloud data services company, on a project known as "Project Ocean."

10. During the course of this engagement, Plaintiff was led to believe—through both written and oral representations—that she would be paid fairly, that her personal identifying information would be handled securely, and that all employment verification practices would be legitimate and transparent.

11. Contrary to those representations, Plaintiff discovered that an individual named Tyler Cochrane, allegedly connected to or acting with access to Magnit or NetApp systems, fraudulently created an account in Plaintiff's name on *The Work Number*, an employment and income verification system operated by Equifax.

12. The fraudulent registration using Plaintiff's name, Social Security number, and other personally identifying information (PII) created a vehicle for the unauthorized manipulation of her employment records, misreporting of wages, and the creation of a synthetic identity profile—all without Plaintiff's knowledge or consent.

13. Plaintiff alleges that this false TWN account enabled the bad actor(s) to:

    a. Potentially misrepresent her employment income to government and private entities;

    b. Facilitate fraudulent wage reporting to NetApp and to taxing authorities;

    c. Potentially apply for credit, loans, benefits, or employment in her name;

    d. Expose her to IRS audits and other legal consequences for income she never earned.

14. Plaintiff also alleges that there are material discrepancies between the wages she was actually paid and the rates allegedly reported to NetApp by Magnit Global, leading her to believe that Defendants engaged in wage inflation fraud—reporting higher rates to the client while compensating Plaintiff at significantly lower amounts.

15. Plaintiff was expressly told that overtime was not compensated under the terms of her contract, yet was routinely assigned work that exceeded 40 hours per week, further supporting a pattern of underpayment and wage theft.

16. Following efforts to raise concerns internally, Plaintiff became the target of retaliatory behavior, including cyber intrusions, email tampering, manipulation of communications, psychological intimidation, and surveillance.

17. Plaintiff has reported the identity theft and cyber intrusions to multiple agencies, including the Cary, NC Police Department, the Federal Trade Commission (FTC), the Social Security Administration (SSA), Equifax, and the Internet Crime Complaint Center (IC3), and has taken steps to freeze and protect her credit profile.

18. Plaintiff alleges that these unlawful actions constitute part of a broader scheme targeting vulnerable contract workers, whereby their identities and employment data are used without authorization to further financial fraud and evade scrutiny.

19. Plaintiff brings this action to recover damages for negligent misrepresentation, fraudulent misrepresentation, and other potential claims to be amended upon further investigation, and to seek injunctive relief to prevent ongoing and future harm.

## COUNT II: FRAUDULENT MISREPRESENTATION

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
21. Defendants, including but not limited to NetApp and Magnit Global, acting through their agents and representatives, made representations to Plaintiff regarding the terms and conditions of her employment, the wages to be paid, the legitimacy of the hiring process, and the secure handling of her personal identifying information.
22. At the time these representations were made, Defendants lacked a reasonable basis to believe they were true, and in fact, they failed to exercise reasonable care or competence in ensuring their accuracy.
23. Plaintiff reasonably relied on these representations to her detriment. As a result, she accepted and performed work under misleading or false pretenses, had her personal identity and data misused, and was subjected to wage manipulation and employment fraud.
24. Plaintiff seeks compensatory damages, punitive damages where appropriate, attorney's fees (if retained), and any other relief the Court deems just and proper.
25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
26. Defendants, including agents of NetApp and Magnit Global, knowingly and intentionally made false representations and concealed material facts with the intent to deceive Plaintiff.
27. These fraudulent misrepresentations include:

    · Misstating the wages paid to Plaintiff while billing the client (NetApp Project Ocean) at a significantly higher rate;

    · Fraudulently stating that no overtime compensation was permitted while deliberately assigning workloads requiring overtime;

    · Assuring Plaintiff that her personal identifying information would be securely maintained, while permitting or enabling Tyler Cochrane to fraudulently establish an unauthorized "The Work Number" (TWN) account in her name;

    · Misrepresenting the legitimacy and scope of employment verification processes and engaging in synthetic identity creation using Plaintiff's SSN.

28. Defendants' intent was to:

· Retain the financial gains obtained by underpaying contractors while fraudulently inflating billing;

· Avoid detection of wage discrepancies and tax fraud by manipulating employment records and TWN data;

·. Intimidate and silence Plaintiff through surveillance, psychological manipulation, and cyber intrusion;

· Exploit Plaintiff's identity for ongoing fraudulent schemes, including employment verification and benefit fraud.

29. Plaintiff justifiably relied on these false representations in accepting and performing under the terms of the employment agreement, continuing to provide services, and disclosing sensitive personal information.

30. As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiff has suffered:

· Financial loss (unpaid wages, potential tax liability, and identity restoration expenses);

· Reputational harm and loss of professional opportunities;

· Emotional distress, anxiety, and fear resulting from targeted surveillance, retaliation, and identity theft;

· Increased exposure to ongoing fraud due to the misuse of her SSN and credentials.

Plaintiff seeks general and special damages in an amount to be determined at trial, punitive damages for willful and malicious conduct, and any other relief the Court deems just and proper.

---

## COUNT III: UNFAIR AND DECEPTIVE TRADE PRACTICES (N.C. Gen. Stat. § 75-1.1)

31. Plaintiff incorporates the preceding paragraphs by reference.
32. Defendants engaged in conduct that was unfair, deceptive, and immoral in the conduct of trade or commerce, including misleading communications and omissions.
33. Defendants' actions harmed Plaintiff and were part of a broader pattern affecting commerce.

34. Under N.C. Gen. Stat. § 75-16, Plaintiff is entitled to **treble damages** and **attorneys' fees**.

# VI. DAMAGES

Plaintiff seeks judgment against Defendants, jointly and severally, for:

- **Compensatory damages**, including lost wages and benefits
- **Consequential damages**, including loss of future job opportunities
- **Emotional distress damages**
- **Punitive damages** for willful and malicious misconduct
- **Treble damages** under N.C. Gen. Stat. § 75-16
- **Attorneys' fees and costs** (if represented or later retained)
- **Any other relief the Court deems just and proper**

# VII. DEMAND FOR JURY TRIAL

Plaintiff demands a **trial by jury** on all issues so triable.

# VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in her favor against all Defendants;
2. Award all forms of damages as set forth above;
3. Grant pre- and post-judgment interest as allowed by law;
4. Award costs of suit and attorneys' fees where applicable; and
5. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**

*Wendy D Toney*

**Wendy Toney, Pro Se Plaintiff**

Email – blackrockapoth@gmail.com

10113 BALWINT GATE

CARY, NC 27511

9/14 741 2815